# In the United States Court of Federal Claims

No. 19-498C
(Filed: November 19, 2019)

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CONSTRUCTORA GUZMAN, S.A., | Contracts; payment bonds; 40 U.S.C. § 3131 (2018); 48 C.F.R. § 28.204 (2018); third-party beneficiary; retainage; implied-in-fact contract; motion to dismiss; failure to state a claim; subject-matter jurisdiction. |
| *Plaintiff*, | |
| v. | |
| THE UNITED STATES, | |
| *Defendant*. | |

* * * * * * * * * * * * * * * * * * * *

*Joseph A. McManus, Jr.*, Washington, DC, with whom was *David J. Butzer*, for plaintiff.

*Joseph A. Pixley*, Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Steven J. Gillingham*, Assistant Director, for defendant. *Jeffrey A. Regner*, Attorney-Advisor, U.S. Department of State, of counsel.

OPINION

BRUGGINK, *Judge*.

The United States, acting through the Department of State, entered into a contract with Enviro-Management & Research, Inc. ("EMR") for renovation of an embassy in Georgetown, Guyana. EMR subcontracted some construction services to plaintiff, Constructora Guzman, but failed to pay it for a portion of its work. Plaintiff seeks payment from the State Department, alleging that it is a third-party beneficiary to a breached provision of the contract between the State Department and EMR or, alternatively, that plaintiff itself had an implied-in-fact contract with the State Department.

Pending is defendant's motion to dismiss the complaint for failure to

state a claim on which relief can be granted in the first count and for lack of subject-matter jurisdiction over the second count. The motion is fully briefed, and we held oral argument on November 15, 2019. Because plaintiff pled sufficient facts to overcome a motion to dismiss on count one, we deny the government's motion on that count. We grant the government's motion as to count two, however, because plaintiff did not plead a non-frivolous allegation of an implied-in-fact contract with the United States.

## BACKGROUND[1]

The State Department entered into a contract with EMR in September 2013 for a $39 million renovation of an embassy in Georgetown, Guyana, South America. The contract stated that payments would be remitted to the contractor's address as provided on the cover page of the contract. Before the State Department paid EMR, the contractor was required to certify that it had made all payments due to subcontractors and suppliers. EMR was also required to satisfy lawful claims from subcontractors regarding labor and materials furnished. The contract did not include a process by which the State Department could directly pay subcontractors.

To guarantee, among other things, the payment of wages to subcontractors, the contract award stated that the contractor must furnish payment and performance bonds. The contract required EMR to furnish either performance and payment bonds in the amount of 100% of the contract price for both bonds or comparable alternative security approved by the government and consistent with Federal Acquisition Regulation ("FAR") Section 28.204.

Instead of requiring payment and performance bonds, about five months after entering the contract, the State Department issued a modification, which stated, "1. Deobligate CLIN 001 in the amount of ($697,867.00), in lieu of Performance and Payment Bonds stated in Cost/Price proposal. 2. Retain 10% per invoice in lieu of bonds and additional 10% if the contractor is not performing. All other terms and conditions remain unchanged." Def.'s Suppl. to Mot. to Dismiss.

One month later the State Department modified the contract again, stating, "1. Add $682,867 back to CLIN 001 for overages taken when de-

---

[1] The background recounts the facts alleged in plaintiff's complaint with the context provided by exhibits attached to the complaint and the State Department-EMR contract that defendant filed on September 16, 2019.

obligating funds for Performance and Payment bonds not received. Initially $697,867 was mistakenly removed in lieu of Bonding; the correct de-obligation cost is $15,000 from the contract award. All other terms and conditions remain unchanged." *Id*. Modification two did not amend the retainage in lieu of bonds provision stated in modification one.

EMR later entered into a subcontract with Constructora Guzman "to provide multiple construction-related services for $8.3 million." Compl. ¶ 15. Plaintiff was "[u]naware that the State Department had waived" the requirement to secure performance and payment bonds and had modified the contract to provide for alternative security. *Id*. at ¶¶ 6, 21. Constructora Guzman completed its work on February 3, 2017, and the State Department sent it a letter of commendation. Constructora Guzman sent EMR an invoice for approximately $1.4 million, which EMR has not paid.

Plaintiff contacted the State Department a year after completing its work to request a copy of "the bond and the contract." *Id*. at Ex. 1. The contracting officer responded that the contract "was not covered by bonds. The agreement was to withhold 10% throughout the duration of the contract as a result of EMR not being able to acquire performance and payment bonds." *Id*. The State Department did not provide Constructora Guzman with a copy of the contract. Plaintiff alleges that the State Department has paid EMR $982,134.14 from withheld payment, only retaining approximately $25,000, despite Constructora Guzman going unpaid. *Id*. at ¶ 25.

Plaintiff filed its complaint on April 4, 2019, without the benefit of reviewing the contract on which it bases its first count. The government subsequently moved to dismiss the complaint and attached a two-page excerpt of the State Department-EMR contract to its motion. Plaintiff responded that the excerpt the government filed was not representative of the entire contract. The court directed the government to file the entire contract, which it did on September 16, 2019. The government also attached a declaration from the contracting officer to its reply in support of its motion.

DISCUSSION

For nearly a century, subcontractors have been protected against contractors failing to pay them by the general requirement that contractors must furnish a payment bond to the United States. Miller Act, ch. 642, § 1, 49 Stat. 793 (1935) (current version at 40 U.S.C. §§ 3131-34 (2018)). The State Department-EMR contract, despite being a contract performed in a foreign country, *see* 40 U.S.C. § 3131(d), included that standard payment

bond requirement. This case arises out of the State Department's failure to require bonding or to unambiguously waive the payment bond requirement. Instead, the State Department muddied the water by substituting "[r]etain 10% per invoice in lieu of bonds" for a payment bond, leading Constructora Guzman to seek payment from that retainage. Def.'s Suppl. to Mot. to Dismiss.

    I.      Plaintiff Alleged Sufficient Facts to State a Claim on Count One.

In its first count, plaintiff alleges that EMR's contract with the Department of State obligated EMR to furnish payment and performance bonds to the United States and that, instead of requiring those bonds, the State Department substituted a contract modification allowing it to "[r]etain 10% per invoice in lieu of bonds." *Id*. Plaintiff argues that these facts are sufficient to plausibly show that the modification was for the benefit of EMR's subcontractors and that, by paying EMR from withheld funds when a subcontractor had not been paid, the State Department breached the contract. Defendant argues that these facts are insufficient to state a claim that plaintiff was an intended beneficiary of the State Department's right to retain payment or that the State Department breached its contract with EMR.

In deciding this motion to dismiss for failure to state a claim, the court will not consider the contracting officer's affidavit that the government attached to its reply brief. On a Rule 12(b)(6) motion to dismiss, the court will "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). If, however, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Rule] 56." Rule 12(d) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff put everything it had access to into its complaint, considering it did not have the opportunity to review the contract on which it bases its first claim and there has been no discovery. The complaint incorporates the contract by reference, including quoting standard contract language regarding bonding, and the terms of that contract are integral to plaintiff's claims. The court thus will consider the contract between EMR and the State Department in addition to plaintiff's complaint and complaint exhibits. It is plainly inappropriate, however, to consider the contracting officer's

declaration on a motion under Rule 12(b)(6) because it reaches beyond the allegations in the complaint and the terms of the underlying contract.

Under Rule 8, plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). Plaintiff is not required to plead "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), the court accepts as true the "well-pleaded factual allegations" in the complaint and determines whether those allegations "plausibly give rise to an entitlement to relief." 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Constructora Guzman alleges that it has standing to sue the United States as a third-party beneficiary to the State Department's contract with EMR. *See Sullivan v. United Sates*, 625 F.3d 1378, 1380 (Fed. Cir. 2010). A plaintiff is a third-party beneficiary if the contract reflects the express or implied intent to directly benefit plaintiff or a class that plaintiff falls within. *Glass v. United States*, 258 F.3d 1349, 1353-54 (Fed. Cir. 2001); *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997). "The intent of the parties to the contract is therefore the cornerstone of a claim for third-party beneficiary status." *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1259 (Fed. Cir. 2005). The court looks first for "clear guidance from the contract language," but the government's intent "can [also] be inferred from the actions of the contracting officer and circumstances providing the contracting officer with appropriate notice that the contract provision at issue was intended to benefit the third party." *Id.* at 1262-63.

Plaintiff's theory is that it falls within a class, EMR's subcontractors, that the contract modification was intended to benefit. Supporting this theory are the facts that the contract required a payment bond, which is "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract," 40 U.S.C. § 3131, and that the State Department substituted "[r]etain "10% per invoice in lieu of bonds," Def.'s Suppl. to Mot. to Dismiss. According to plaintiff, the State Department put itself in the position of protecting subcontractors by retaining payment to pay subcontractors if EMR did not. Plaintiff also notes that the State Department could have waived the payment bond requirement for this contract or chosen an alternative set out in the FAR, but instead it chose to take on the

responsibility of retaining payment. *See* 40 U.S.C. §§ 3131(d), 3132(b); FAR §§ 28.204–1, –2, –3. When the State Department failed to retain money to compensate unpaid subcontractors, according to plaintiff, it breached the contract.

Defendant responds that the modification was not intended to put the United States in the position of a surety, because the contract, read as a whole, unambiguously places responsibility on the contractor to pay subcontractors. The government argues that the modification stated that it did not change the terms and conditions in the contract beyond deobligating a certain sum and allowing the State Department to retain 10% per invoice. The contract obligates the contractor to certify, as a part of invoicing, that it has paid its subcontractors, and there is no explicit mechanism for the State Department to directly pay subcontractors such as Constructora Guzman. For instance, Constructora Guzman was not a joint payee on the contract and there does not appear to be a payment arrangement for the United States to pay plaintiff. *E.g., J.G.B. Enterps. v. United States*, 497 F.3d 1259, 1261 n.1 (Fed. Cir. 2007); *D & H Distrib. Co. v. United States*, 102 F.3d 542, 547 (Fed. Cir. 1996). The government, thus, concludes that Constructora Guzman is at most an incidental beneficiary of the State Department's right to retain 10% per invoice in lieu of bonds.

Additionally, the government argues that, even if plaintiff could show it was a third-party beneficiary, plaintiff has not alleged any facts showing that the State Department breached the contract. The government contends that, while the modification permitted the State Department to retain payment, "fail[ing] to enforce a contract provision that it was entitled to enforce . . . is not a breach of contract by the Government." *Sullivan*, 625 F.3d at 1381.

Applying the notice pleading standard, we find that plaintiff has alleged sufficient facts to "nudge[] [its] claim[] across the line from conceivable to plausible." *Bell Atlantic Corp.*, 550 U.S. at 570. Plaintiff has pled enough to plausibly suggest that the State Department intended to put itself in the position of retaining payment for the protection of subcontractors. It is unclear why the State Department chose to modify its contract with EMR to allow the government to retain payment rather than adopting an alternative to a payment bond endorsed by the FAR. It is likewise unclear whether the State Department waived the bonding requirement. We are left with a contract that requires bonding and a contracting officer that chose a substitute for those bonds. At a minimum, the State Department's modification allows an inference that plaintiff is part of class intended to

benefit directly from that modification.

This motion to dismiss is not the proper place to resolve the issue of the contracting officer's intent in issuing the modifications to the EMR contract or whether the State Department had a duty to hold retained payment for the benefit of subcontractors. Discovery will develop the facts surrounding the modification, such as what facts the contracting officer had notice of, whether the contracting officer intended to waive the bonding requirement, and how the State Department approached withholding and releasing payment to EMR. Notably, both parties cite cases in which plaintiff had the opportunity to discover facts that would support its third-party beneficiary claim. *See, e.g.*, *G4S Tech. LLC v. United States,* 779 F.3d 1337, 1340 (Fed. Cir. 2015); *Sullivan*, 625 F.3d at 1379; *Flexfab*, 424 F.3d at 1257-59; *Fox Logistics & Constr. Co. v. United States*, No. 18-1395C, 2019 WL 4668069 (Sept. 25, 2019). Such fact discovery is likewise appropriate for Constructora Guzman's claim. We therefore deny the government's motion to dismiss count one.

II. Plaintiff did not Allege a Non-Frivolous Allegation of an Implied-in-Fact Contract with the United States.

In its second count, Constructora Guzman alleges that "there is an implied-in-fact contract between the State Department and [Constructora Guzman], which the State Department breached by its failure to withhold adequate funds to pay [Constructora Guzman's] claim . . . ." Compl. ¶ 35. Defendant argues that the court lacks subject-matter jurisdiction over this claim because Constructora Guzman failed to allege the elements of an implied-in-fact contract.

This court has jurisdiction over claims against the United States founded on "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2018). When defendant moves to dismiss for lack of subject-matter jurisdiction, the court assumes the undisputed facts in the complaint are true and draws reasonable inferences in plaintiff's favor. *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016). Plaintiff must plead facts sufficient to invoke this court's jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

For the court to have jurisdiction over a plaintiff's contract claim, plaintiff must allege "a non-frivolous allegation of a contract with the government." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted). "The elements of an implied-in-fact contract

are: '(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance[;] and (4) 'actual authority' on the part of the government's representative to bind the government.'" *Biltmore Forest Broad. FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009) (quoting *Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc)). "'An implied-in-fact contract is one founded upon a meeting of minds and is inferred, as a fact, from the conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Turping v. United States*, 913 F.3d 1060, 1065 (Fed. Cir. 2019) (quoting *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003)).

Constructora Guzman has not stated a non-frivolous allegation of an implied-in-fact contract with the State Department. Plaintiff argues that the State Department's modification of its contract with EMR indicated a tacit understanding that plaintiff would not work on the embassy renovation without guaranteed payment. At oral argument, plaintiff also argued that the email exchange between Constructora Guzman and the State Department could be the basis for an implied-in-fact contract, despite conceding that plaintiff's work on the contract had ended more than a year prior. These arguments are unpersuasive. The State Department modified the EMR contract prior to Constructora Guzman's subcontract with EMR, and plaintiff twice states in its complaint that it completed its work without knowing about the arrangement between EMR and the United States. The complaint does not allege any other facts that suggest Constructora Guzman interacted with the State Department in a way that would indicate a meeting of the minds regarding the State Department paying Constructora Guzman. Because plaintiff has not made a non-frivolous allegation of an implied-in-fact contract, we grant the government's motion to dismiss plaintiff's count two.

## CONCLUSION

The government's motion to dismiss is granted as to count two of the complaint and denied as to count one. Count two is dismissed for lack of subject-matter jurisdiction. Defendant shall file its answer on or before December 3, 2019. The parties shall file the Joint Preliminary Status Report two weeks later, on or before December 17, 2019, setting out a proposed discovery schedule as discussed at oral argument.

s/Eric G. Bruggink
Eric G. Bruggink
Senior Judge